IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOSE E. ORTIZ,**
    **Plaintiff,**

vs.                                                     Case No. 5:05cv256/RS/MD

**FLORIDA DEPARTMENT OF CORRECTIONS,**
    **Defendant.**

___

## REPORT AND RECOMMENDATION

    This civil rights case is before the court upon referral from the clerk. Plaintiff commenced this action on November 16, 2005 by filing a petition in the United States District Court for the Middle District of Florida. (Doc. 1). At that time, plaintiff neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. The case was transferred to this court on December 8, 2005. On December 12, 2005 this court entered an order directing plaintiff to either pay the $250.00 filing fee or submit an application to proceed *in forma pauperis*. (Doc. 3). Plaintiff was given thirty (30) days in which to comply with the order and was warned that failure to do so would result in a recommendation that this case be dismissed.

    Thereafter, plaintiff was given an extension until February 17, 2006 in which to comply with the order. (Doc. 8). After receiving no response from plaintiff, the court on March 17, 2006 issued an order requiring plaintiff to show cause within twenty days why this case should not be dismissed for failure to prosecute and failure to comply with an order of the court. (Doc. 9). Over twenty days has elapsed and, again, plaintiff has not responded to this court's order.

**Accordingly, it is respectfully RECOMMENDED:**

**1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.**

**2. That the clerk be directed to close the file.**

**DONE AND ORDERED this 11th day of April, 2006.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**